NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JAN 8 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 14-50276 |
| Plaintiff - Appellee, | D.C. No. 3:12-cr-04922-BEN-1 |
| v. | |
| LUIS MICHAEL MOLINA, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Roger T. Benitez, District Judge, Presiding

Submitted January 6, 2016[**]
Pasadena, California

Before: M. SMITH, WATFORD, and FRIEDLAND, Circuit Judges.

Defendant-Appellant Luis Molina appeals his conviction for attempting to bring an alien into the United States in violation of 8 U.S.C. § 1324(a)(2)(B)(ii) and (iii). We affirm.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Border Patrol stopped Molina as he was attempting to enter the United States. Officers searched his car and found a recently-built, non-factory compartment. Inside the compartment, officers discovered Maria Villasensor, who was attempting to enter the United States illegally. At trial, Molina argued that he was unaware of Villasensor's presence in his car. The jury convicted Molina of attempting to bring an alien into the United States for the purpose of commercial advantage or private financial gain, 8 U.S.C. § 1324(a)(2)(B)(ii), and attempting to bring an alien into the United States without presentation to an appropriate immigration officer at a designated port of entry, 8 U.S.C. § 1324(a)(2)(B)(iii). Molina timely appealed.

The district court did not err in admitting Villasensor's testimony that she was going to pay a smuggling fee to be brought into the United States. Federal Rule of Evidence 602 explains that "[a] witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter. Evidence to prove personal knowledge may consist of the witness's own testimony." Villasensor's testimony that she was going to pay a fee to be smuggled into the United States was admissible under Rule 602 because her earlier testimony that she had worked with another individual on the details of

2

being smuggled into the United States established sufficient personal knowledge.[1]

The district court likewise did not abuse its discretion in allowing statements by the prosecutor in closing that Villasensor could have been seriously harmed if Molina drove recklessly because of the jagged edges of the compartment near her face, and that Villasensor could have died if Molina was driving for too long. "Prosecutors can argue reasonable inferences based on the record, and have considerable leeway to strike hard blows based on the evidence and all reasonable inferences from the evidence." *United States v. Tucker*, 641 F.3d 1110, 1120 (9th Cir. 2011) (citation omitted). The challenged statements were reasonable inferences drawn from a record that established, among other things: the compartment had jagged metal edges near Villasensor's face; her head was right above the muffler, which could reach 600 degrees; Villasensor was having difficulty breathing; and she could not get herself out of the compartment without assistance. Nor did the district court err in permitting the prosecutor to argue that Molina knew of the danger to Villasenor, because the prosecutor's statements were

---

[1] Because we find that the district court did not err in admitting Villasensor's testimony as to facts of which she had personal knowledge under Rule 602, we need not consider Molina's alternative argument that Villasensor's testimony constituted improper lay opinion testimony under Rule 701.

couched in explicitly inferential terms and reasonably drawn from the record.

We review Molina's additional challenges to the prosecutor's arguments for plain error because Molina did not object to the statements at trial. *See United States v. Marcus*, 560 U.S. 258, 262 (2010). The district court did not plainly err by allowing the prosecutor to argue during closing that nobody would be paid if Villasensor did not reach the United States alive. Villasensor's statements about payment in the future tense combined with the lack of evidence that any money had yet changed hands made this a fair inference. Nor did the district court plainly err in allowing the prosecutor to argue that a person would need keys to open the compartment in Molina's car. This statement was supported by the record (as well as common sense) given that the compartment had to be opened from within the car.

AFFIRMED.